## BUTTERFIELD *v.* ARNOLD.

1. NEGLIGENCE — MANAGEMENT OF STEAMER — DEFECTIVE EQUIPMENT—EVIDENCE—QUESTION FOR JURY.

In an action for injuries caused by the breaking of a fender strap on a steamer as the vessel struck the dock, the question of defendant's negligence in approaching the dock at too high a rate of speed, and in using an unsound fender rope, *held,* under the evidence, to have been properly left to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

The question of the contributory negligence of plaintiff, who was struck by the fender while standing on the dock, was likewise for the jury.

Error to Chippewa; Steere, J. Submitted October 9, 1902. (Docket No. 35.) Decided November 11, 1902.

Case by Samuel Butterfield against George T. Arnold for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Henry Hoffman* (*E. S. B. Sutton*, of counsel), for appellant.

*Oren, Webster & More* and *John W. Shine*, for appellee.

MONTGOMERY, J. The plaintiff recovered a verdict and judgment for damages in an action for negligent injury. Defendant brings error.

The defendant is the owner of the steam propeller Ossifrage, plying between Cheboygan and Sault Ste. Marie, and touching at Detour. The plaintiff is a dealer in fish, and was accustomed to furnish fish to the steward of defendant's boat. On the 23d of August, 1897, he went down to the Watson Dock, so called, on noting the approach of the Ossifrage, for the purpose of taking an order. His evidence shows that he stood a few feet from the dock line, and was called to by the mate of the boat and requested to take the line; that, while in the act of doing so, the steamer came alongside. The force with which the steamer struck the dock broke the fender rope, and caused the fender to fly over against the plaintiff with great force, causing serious injuries. The declaration counts on two grounds of negligence: *First*, that the boat approached the dock with too great a speed and headway, thus causing the fender strap to break; and, *second*, that the fender strap was rotten, unsound, and unfit for the purpose for which it was used.

The circuit judge submitted the case to the jury in a charge which appears unobjectionable, if the case was a proper one for the jury to consider. It is contended, however, that a verdict for the defendant should have been directed. It is contended that no negligence was shown on the part of defendant, and that plaintiff was guilty of contributory negligence.

The evidence on the part of the defendant tended strongly to show that the fender strap was a new rope, which had been in use but a few days, and that the boat was properly managed. If this testimony cannot be said

to have been contradicted, directly or indirectly, it would follow that no negligence was shown in this respect. We are impressed, however, that it is not the usual thing for the fender strap of a boat to break at every landing, thus causing the fender to fly onto the dock with great force, causing damage to persons or property in its way. The very fact that such a thing occurs suggests an inquiry, at least, as to whether there was fault in management or equipment. An examination of the record satisfies us that there was evidence justifying the inference that the defendant was negligent in each particular alleged. The testimony as to the condition of the rope was its condition and appearance. It was described as an old, dead line, together with the testimony of competent seamen that, under proper management, a new, strong strap would not part,—a statement which we should hope might be verified by experience.

As to the plaintiff's contributory negligence: Dealing with the subject somewhat abstractly, it would be rather startling to say that one having business with an approaching steamer is guilty of negligence if he approaches near enough to it to be struck by a projected broken part, in case such part is projected through mismanagement or fault in equipment. Defendant cites plaintiff's testimony on cross-examination stating that it was dangerous where he stood; but, on redirect, plaintiff stated that, if the fender strap had been sound, there would have been no danger. We think the question of plaintiff's contributory negligence was likewise a question for the jury.

Judgment affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.